# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDRÉ CHUNG,**<br>9576 Farewell Rd.,<br>Columbia, MD 21045<br><br>   *Plaintiff,*<br><br>**v.**<br><br>**HOWARD THEATER RESTORATION, INC.,**<br>635 Florida Avenue, N.W., Third Floor<br>Washington, D.C., 20001,<br>**ROY CHIP ELLIS,**<br>5041 Upton St. NW,<br>Washington, DC 20016,<br><br>   *Defendants.* | **COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, **ANDRÉ CHUNG**, by his undersigned attorneys, alleges as follows, upon actual knowledge with respect to himself and his own acts, and on information and belief as to all other matters:

## I.  INTRODUCTION

1. Defendant **HOWARD THEATER RESTORATION, INC**., at the direction of Defendant **ROY CHIP ELLIS**, committed willful copyright infringement by pirating a professional photographer's copyrighted photo and using it for advertising and on social media without authorization.

2. Plaintiff **ANDRÉ CHUNG**'s ("Plaintiff") complaint arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et. seq. (the "Copyright Act").

3. Plaintiff alleges that Defendants are jointly and severally liable for direct and willful copyright infringement of Plaintiff's photograph in violation of 17 U.S.C. §§ 106 and 501.

1

4.      On information and belief, Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance Defendants used the Photo after deleting and/or altering Plaintiff's CMI, with Defendants knowing that removal, alternation and/or addition of distributing the photo with false CMI would enable, conceal or facilitate copyright infringement.

## II. PARTIES

5.      Plaintiff **ANDRÉ CHUNG** is a resident of Maryland.

6.      Defendant **HOWARD THEATER RESTORATION, INC**., is a District of Columbia entity located at 620 T St. NW, Washington, D.C. 20001-5117.

7.      Defendant **ROY CHIP ELLIS** is a citizen of the District of Columbia and can be served at 5041 Upton St. NW, Washington, DC 20016.

8.      Whenever it is alleged that Defendant(s) committed any act or omission, it is meant that the Defendants acted jointly through their officers, directors, vice-principals, agents, servants, directors, executives, management, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, candidates, vice-principals, executives, management, agents, servants, or employees.

## III. JURISDICTION AND VENUE

9.      This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

10.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391 because all Defendants conduct business in this District and because a substantial part of the

infringements or omissions giving rise to this claim occurred from within this District.

Additionally, venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for

copyright cases) because Defendants Littlefield Consulting may be found in this District.

11.     This Court has *in personam* jurisdiction over Defendants because Defendants

availed themselves of the privileges of conducting business in this District and the District of

Columbia and Defendants incurred a benefit from the copyright infringements, thus it is

reasonable for Defendants to submit to the jurisdiction of this federal district court.

## IV. FACTUAL ALLEGATIONS

### A.  The Importance of Copyright and the Copyright Holder's Bundle of Rights

12.     Copyrights are the legal title to intellectual property by which creators of original

content such as photographs protect their moral and economic rights in those works.

13.     Respecting and defending the financial value of creators' copyrighted works is a

bedrock of our democracy, so important that the Founding Fathers enshrined the U.S.

Constitution with specific references to copyrights, and which expressly gave Congress the

power to "promote the Progress of Science and useful Arts, by securing for limited Times to

Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S.

Const. Article I, Section 8. "Copyright law encourages people to create original works and

thereby 'ultimately serves the purpose of enriching the general public through access to creative

works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

14.     The Supreme Court of the United States found that by "establishing a marketable

right to the use of one's expression, copyright supplies the economic incentive to create and

disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 558 (1985).

15.     Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive public display right and control of the economic value of their work. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for damages if a work is infringed.

16.     In 1976, the Copyright Act was amended to give content creators such as Plaintiff an automatic copyright in his Photo.

17.     To file suit based on an alleged infringement, that automatic copyright interest must be registered with the U.S. Copyright Office, which Plaintiff did with the Photo within three months of the infringements and prior to the filing of this lawsuit, which affords him the right to pursue statutory damages, attorneys' fees and costs for bringing suit.

**B.  Background on Plaintiff and His Photo**

18.     Plaintiff **ANDRÉ CHUNG** is a renowned, award-winning American photographer.

19.     Plaintiff is the recipient of the 2021 Robert F. Kennedy Journalism Award for Domestic Photography, and was nominated for the Pulitzer Prize five times while a staff photographer at The Baltimore Sun.

20.     Plaintiff has also received the George Polk Award, and the Sigma Delta Chi award, and was twice named the Times Mirror Journalist of the Year.

21.     Plaintiff's clients include Apple, AARP, Time magazine, The Washington Post Magazine, The New York Times, NBC News Pictures, and The Atlantic.

22.     Plaintiff was one of a select group of photojournalists chosen in 2009 and 2013 to work on The Official Inaugural Book for President Barack Obama. Plaintiff's work is housed in

the permanent collections at the HistoryMiami Museum and the Smithsonian Institute's National Museum of African American History and Culture.

23.     Aside from his photojournalism assignments, Plaintiff also earns a living in part from the licensing of his copyrighted photos, which include licensing to entities such as Defendant Howard Theatre.

24.     Typically, Plaintiff only uses a "rights-managed" licensing model rather than a "royalty-free" model and negotiates terms and grants licenses under this model that limit duration, scope, medium, and other restrictions that are not generally used in a royalty-free/buyout for usage of a photo.

25.     In June 2020, Plaintiff captured the Photo at issue (the "Photo").  The Photo depicts protestors protesting the murder of George Floyd:



26.     The Photo has been available generally under a rights-managed licensing model throughout all relevant time periods and can still be found for licensing on Plaintiff's publicly available website.[1]

27.     Plaintiff timely filed an application for copyright registration with the US Copyright Office with an effective registration date of June 25, 2020, bearing a validly issued US Copyright Registration of VA 2-211-666 for a published work.

**C. Defendants Illegally Pirate Plaintiff's Photo**

28.     Plaintiff discovered his copyrighted Photo unlawfully displayed as the background image in a promotional graphic (the "Graphic") advertising a "Block Party Protest in Recognition of Juneteenth" held by the Howard Theater on June 19, 2020 that included musical acts, panel discussions, open mic performances, and voter registration opportunities, among other things. The Graphic was incorporated into a promotional email (the "Promotional Email") sent by the Howard Theater to members of the public.

29.     Defendant Howard Theater used the Photo in a Graphic in printed materials promoting the June 19 Block Party event.

30.     Plaintiff alleges the use of his Photo were copied, published and displayed by Defendants shortly after meeting Defendant Ellis on or about June 18, 2020 at an event for the Movement 4 Black Lives held at the Howard Theater.

31.     Defendant Ellis inquired about Plaintiff's body of work as a photographer and availability for potential future collaboration(s). Notably, when Defendant Ellis inquired about using the images Plaintiff had taken that evening, Plaintiff Chung directed Defendants to his

---

[1] https://www.andrechung.com/Editorial/Overview/42/caption

website (www.andrechung.com), where the Photo was the primary image on the website's splash

page.

32.    *The very next day*, June 19, 2020, Plaintiff discovered the Promotional Email in

his inbox, as he was subscribed to the Howard Theater email list, including his Photo.



33.    Plaintiff immediately emailed the Howard Theater (info@thehowardtheater.com)

informing it that he was the Photo's copyright holder and that it was used without permission.

34.     Plaintiff implored the email recipient to have Defendant Ellis contact him about the Use(s) immediately ("If this email goes to Chip, you should call me ASAP at the number below. This is a very serious problem."). Plaintiff received no response to the email.

35.     Since 2020, Plaintiff has attempted to have Defendants compensate him for the use of his Photo and sent a takedown notice on November 21, 2022 and again on January 23, 2023.

36.     To date, the Photo is still being used in various places, including on Defendant Ellis' Instagram account:



37.     Defendants, for the reasons stated above, have, without a license, permission, or legal excuse, copied, distributed, and displayed Plaintiff's Photo in violation of the Copyright Act.

38.     Because Defendant Ellis operates a business that promotes musical acts at Defendant Howard Theater, he was aware (or at minimum should know) of Plaintiff's rights as a

copyright holder and his business's responsibilities under the Copyright Act when he and his business used Plaintiff's Photo without a license.

39.     Defendants knew or should have known that their uses of the Photo constituted a violation of Plaintiff's intellectual property rights, and the infringing uses were willful and reckless.

40.     Upon information and belief, Defendants committed numerous Copyright Management Information (CMI) violations related to the uses of the Photo because Plaintiff's name and other information associated with the digital file was removed from and/or left off the uses for the purpose of preventing Plaintiff from discovering the uses and disguising the fact that the uses were in violation of the law.

41.     After sending the takedown notices, Plaintiff attempted but was unable to resolve his claims with Defendants.

## V. ALLEGATIONS

### COUNT 1: INFRINGEMENT OF COPYRIGHTS (17 U.S.C. §§ 106, 501)

### (AGAINST ALL DEFENDANTS)

42.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

43.     The Photo used by Defendants as shown above, is an original, creative work which Plaintiff has validly registered with the U.S. Copyright Office, bearing Registration Number VA 2-211-666, with an effective date of June 25, 2020.

44.     Plaintiff is the author of the Photo and at all relevant times has been its sole copyright owner and exclusive rights-holder under United States copyright law.

45.     Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce, create derivative works from, display, copy, and distribute to the public his copyrighted photograph under 17 U.S.C. § 106(1), (2), (3), (4), and (5), respectively.

46.     Defendants, without the permission, license, or consent of Plaintiff, created a derivative work from Plaintiff's copyrighted Photo by using it in a poster promoting an event at the Howard Theater.

47.     Defendants, without permission, license, or consent of Plaintiff, also copied the Photo and used it on social media platforms such as Instagram.

48.     Defendants have all violated Plaintiff's exclusive rights of reproduction, the creation of derivative works, display, copying, and distribution in his Photo.

49.     No Defendant sought permission or secured a license for the right to use Plaintiff's copyrighted Photo in any way despite Plaintiff operating a publicly available website for the specific purpose of inviting offers from potential licensors and despite Plaintiff meeting with Defendant Ellis, as is described and shown above.

50.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional and in total disregard of and with indifference to the rights to Plaintiff's copyrights and exclusive rights under copyright.

51.     As a result of Defendants' infringements of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to an award of actual damages pursuant to 17 U.S.C. § 504(b), or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c) for up to $150,000 because the Photo was registered within three months of the alleged infringements occurring.

52.    Due to the willful or reckless nature of the infringing acts described herein, Plaintiff is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505.

53.    In the event the Photo is still published or associated with Defendants, the conduct of Defendant(s) is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

54.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant(s) from further infringing Plaintiff's copyright in the future, and ordering Defendant(s) to destroy all copies of images, or any printed media containing any such image, made or used in violation of Plaintiff's exclusive rights and to remove images from any website or social media account that Defendant(s) controls or owns.

55.    Defendants' conduct caused actual damages and/or are liable, jointly and severally, for statutory damages of up to $30,000.00 for each infringement or alternatively up to $150,000.00 for each willful infringement pursuant to 17 U.S.C. § 504.

## COUNT 2: REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §§ 1202 and 1203 et. seq.

### (AGAINST ALL DEFENDANTS)

56.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

57.    The authentic version of Plaintiff's copyrighted Photo used by Defendants in the manner described above contained copyright management information protected under 17 U.S.C. § 1202, such as metadata (file name of the Photo) and/or text referencing Plaintiff's name, the title of the Photo, and the copyright symbol.

58.     Upon information and belief, Defendant Howard Theater, through Ellis, without Plaintiff's permission or a valid legal excuse, intentionally deleted, altered and/or removed Plaintiff's copyright management information from the Photo, then copied and distributed it for use by Defendant Howard Theater knowing or having reasonable grounds to know that doing so would enable, facilitate, and/or conceal its infringing use of the Photo, a violation of 17 U.S.C. § 1202(b).

59.     Upon information and belief, Defendants copied Plaintiff's Photo with the altered CMI to use in an event promoted by the Howard Theater.

60.     Upon information and belief, Defendants copied Plaintiff's Photo with the altered CMI into a newsletter promoting the event and social media postings, and then distributed that to Defendant Howard Theater's listserv of customers, and the public in general, through Defendant's website and social media account(s).

61.     Upon information and belief, Defendant Ellis also distributed copies the Photo on with the false CMI, knowingly and with the intent to induce, enable, facilitate, or conceal infringement by providing copyright management information that is false, and/or distributing copyright management information that is false violating 17 USC § 1202(a).

62.     Upon information and belief, Defendant Ellis removed or altered Copyright Management Information without the authority of the Plaintiff as the copyright owner and intentionally removed or altered copyright management information from the Photo, and/or distributed copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner Plaintiff.

63.     Upon information and belief, Defendants distributed, imported for distribution, or publicly perform copies of works knowing that copyright management information had been

removed or altered without authority of the copyright owner, or Defendant Ellis knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement in violation of 17 USC § 1202(b).

64.     In its social media, and likely all other digital, uses of the Photo, Defendants used a copy of the Photo with the altered or deleted CMI.

65.     Presently, it is unclear exactly how many CMI violations occurred, what other CMI was altered, though, more likely than not, there would be one for each and every unique display and/or instance of distribution of the Photo.

66.     As a result of Defendant Ellis' wrongful conduct alleged herein, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to recover from Defendants the actual damages Plaintiff sustained due to its violation of 17 U.S.C. § 1202, including attorney's fees and costs.

67.     Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202 of a minimum of $2,500 per violation and maximum of $25,000 per violation. S*ee also Sheldon v. Plot Commerce*, No. 15CV5885CBACLP, 2016 WL 5107072, (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, No. 15CV5885CBACLP, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) that defines each removal/deletion of CMI as a separate violation.

68.     Under § 1202(a) and § 1202(b), Defendants are jointly and/or severally liable.

**VI. JURY TRIAL DEMANDED**

69.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

///

///

## VII. RELIEF REQUESTED

70.      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf adjudging and decreeing that:

A.      For an injunction providing: "Defendants shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in copyrighted photos, whether now in existence or later created, that are owned or controlled by Plaintiff ("Plaintiff's Photo"), including without limitation by using social media, print, broadcast, or any online media distribution system to reproduce (i.e. download) any of Plaintiff's photo, to distribute (i.e. cause to be displayed) any of Plaintiff's copyrighted photo, or to make Plaintiff's photo available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendants also shall destroy all physical (i.e., printed) copies of any of Plaintiff's photo in Defendants' possession, as well as any of Plaintiff's photo that Defendants have downloaded onto any computer hard drive or server."

B.      For Plaintiff to be awarded either: (i) Plaintiff's actual damages and Defendants' profits, gains, or advantages of any kind attributable to Defendants' infringement of Plaintiff's copyrighted Photo; or (ii) alternatively, statutory damages of up to $30,000.00 per infringement or up to $150,000.00 for each instance of willful infringement of Plaintiff's copyrighted Photo pursuant to 17 U.S.C. § 504, with Defendants jointly and severally liable.

C.      For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained, and any profit obtained by Defendants for violations of 17 U.S.C. § 1202(a) and

1202(b) under 17 U.S.C. § 1203(c)(2), including attorney's fees and costs; or (ii)

a minimum of $2,500 per violation and maximum of $25,000 per violation of 17

U.S.C. § 1202 under 17 U.S.C. § 1203(c)(3).

D.     For Defendants to be required to account for all profits, campaign donations,

income, revenue, receipts, or other benefits derived by Defendants as a result of

their unlawful conduct.

E.     For Plaintiff's costs and expenses in this action, including all reasonable

attorneys' fees incurred herein, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §

1201 et. seq.

F.     For Plaintiff to be awarded pre-judgment interest from the time of the

infringements.

G.     For such other and further relief as the Court may deem just and proper.


Dated: March 8, 2023


Respectfully submitted,

By: */s/ James H. Bartolomei III*
James Bartolomei Esq.
James H. Bartolomei III, P.A.
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600 phone
501-228-0415 fax
james@duncanfirm.com
District Bar Number AR0007

*Attorneys for Plaintiff ANDRÉ CHUNG*